Morphv, J.
delivered the opinion of the court.
[236] The plaintiffs are appellants from a judgment sustaining an exception to their right to maintain this action. The petition is in the name of “ the president and board of directors of the Branch of the Union Bank of Louisiana *145 at Clinton, whose principal establishment is in the city of New Orleans.” "We think the judge did not err. There is no such corporation known to our laws as that described in the petition; the branches or offices of, discount and deposit created by the act incorporating the Union Bank, are without power or authority to stand in judgment for the mother bank; the latter for-all sums due to her directly or through her branches, must sue in her corporate name, which is, “ the Union Bank of Louisiana.” La. Code, art. 423; Acts of 1832, p. 42, sections 1, 9, 33, 34, 35.
It is said that defendants having joined issue on the merits, this exception, which is one founded on form, was too late. "We believe that it embraces something more than mere form. It goes to the absolute want of any right in plaintiffs to stand in judgment in any form or shape whatever, and can therefore be urged at any stage of the cause. Code of Practice, 345, 346; 4 Mart. F. S* 437. But it is insisted that this suit being on a note payable to order and indorsed in blank should have been sustained in the form in which it was brought, because a final judgment rendered therein, either for or against the plaintiffs would have formed res judicata; and we are referred to arts. 2141, 2144 of the Louisiana Code; and also several cases reported in 3 Mart. F. S. 295; 2 La. Bep. 264, and 13 Id. 366. These authorities establish that a note payable to bearer or made to order and indorsed in blank, can be safely paid to any one in possession of it; and that suit can be brought on the same by any holder of such paper without his title to it being questioned, except in certain cases, but from this it does not follow that the right of a plaintiff to stand in judgment cannot be excepted to because the suit is brought on a negotiable instrument. The right to sue as owner which results from [237] the negotiability of such a note is a thing very different from the capacity to sue. The plaintiffs have no legal existence as a corporation, and therefore cannot sue and be sued in a court of justice.
It is therefore ordered that the judgment of the district court be affirmed with costs.