Montfort vs. Schmidt.

No. 7989.

PETER MONTFORT, FOR THE USE OF HIS MINOR CHILD, JOSEPHINE MONTFORT, VS. PETER SCHMIDT.

A peremptory exception to the plaintiff's want of capacity to sue cannot be pleaded after answer filed.

Where a child of tender years is injured by running under a mule which is being driven at an ordinary trot, and without negligence by the driver, no recovery can be had for damages because of injuries suffered by the child.

A PPEAL from the Fourth District Court for the Parish of Orleans. *Houston*, J.

*Braughn, Buck & Dinkelspiel* for Plaintiff and Appellant.

*Chas. F. Claiborne* for Defendant and Appellee.

The opinion of the Court was delivered by

MANNING, J. The action is by a father for the use and benefit of his minor child to recover damages for injuries received by her through the fault and negligence of a minor son of the defendant.

The mother of the injured child had died before the institution of the suit. No exception to the capacity of the plaintiff was made in the lower court, but it is here pleaded by way of peremptory exception that the father as such cannot represent his minor child until and unless he has qualified as her tutor.

Pretermitting any expression of opinion whether this exception may be pleaded for the first time in this Court under art. 902 of the Code of Practice, it is sufficient to say that the privilege of pleading it was waived by filing an answer. Gibney v. Fitzsimmons, 5 Ann. 253. The case does not fall within the rule applied where there is a total want of any legal right whatever in the suitor, as was held in Brown v. Saul, 4 Mart. N. S. 434; Union Bank v. Dunn, 17 La. 234.

A cart driven by the defendant's son was coming up Dauphine street toward Canal, and was on a tramway track, and was met by another cart near the intersection of St. Ferdinand street. The child of the plaintiff, a girl of five and a half years, attempted to cross the street with a companion three years older. She had gone over half across when finding herself about to encounter the other cart she turned, and in the effort to escape, became entangled in the legs of the mule driven by the defendant's son, and received severe and lasting injury. Her companion escaped.

The cart was not driven fast or in a reckless manner. The mule was at an ordinary trot, or as the principal witness says neither very fast

nor very slow. He saw the whole affair and says the driver could not have stopped in time to have prevented the accident, and this inability was not on account of reckless or even negligent driving, but because the child in its perturbation had run headlong under the mule.

The occurrence is lamentable, for the child is in all probability permanently disabled, but the contributory negligence is apparent. A child of such tender years is constantly liable to injury if allowed to run unattended in the streets. It is true this particular street is not a crowded thoroughfare, but a tramway car passes and increases the precaution at all times necessary. The effort to fasten upon the driver, a lad of eighteen years, negligence by carelessness and inattention fails. The older girl, more self possessed, crossed safely, and the younger received the injury because she turned and in her fright ran under the mule. We do not think a recovery can be had under those circumstances. Hubener v. N. O. & C. R. Co., 23 Ann. 492; Klein v. Cres. C. R. Co., Ibid, 729; Sherman and Redfield on Negligence, § 48, 50; 2 Thompson on Negligence, § 1129, 1140.

The verdict of the jury seems to have recognized this condition of things, since they gave only one dollar as damages.

It is therefore ordered and decreed that the verdict of the jury is set aside, the judgment of the lower court thereon is avoided and annulled, and that there be now judgment in favor of the defendant rejecting the plaintiff's demand and for costs.