NICHOLLS, J.
The present cause was brought to this court for review on the following application made to it by Dr. Waldemar Bille, one of the defendants:
“The petition of Dr. Waldemar Bille respectfully represents that in the month of December, 1906, the firm of Wisdom & Levy brought three separate suits against petitioner as in-dorser on a series of notes, all growing out of the same transaction and between the same parties, Nos. 27,279, 27,435, and 28,288 of the First city court of New Orleans, one being for 91.34, another for $20.21, and another for 27.44. That in each of the said suits petitioner was sued as indorser, and there was no allegation in any one of the said petitions that notice of dishonor had ever been given to petitioner as required by law, nor was there any allegation in any of the said petitions which would excuse the holder of the notes from giving notice of dishonor. And petitioner was sued wholly as indorser, and petitioner was therefore not liable as indorser. And the contention on the part of the counsel for the plaintiffs was that, because that he had alleged in each of the petitions that each of the said notes had been protested, that that was equivalent to an allegation of a notice of dishonor; there being no allegation that notice of protest had been given, which would have been one of the methods of giving notice of dishonor.
“That, the said three suits being pending in the First city court, the following agreement was signed by counsel on February 20, 1907: ‘It is agreed that these three cases bearing the above title and numbers may be consolidated and allotted to one judge and tried together, and the evidence taken in one may be used in all, and all may be tried before division O.’ Signed by W. A. Bell and Robert Perrin, attorneys for Wisdom & Levy and Benjamin Rice Forman, attorney for Dr. Bille. And thereupon after filing said stipulation, the following order was made on motion of William A. Bell, attorney for Wisdom & Levy: ‘Suggesting that the above numbered and entitled case now pending before division A of the First city court discloses the same parties and cause of action before division O of said court, and, further, that the attorney for the defendant has agreed to a consolidation of said cases for trial before division O, as per agreement hereto annexed, it is ordered by the court that suit No. 28,288, division O, entitled “Wisdom & Levy v. Bille & Bille,” be consolidated with No. 27,277 and 27,435, and that these said cases be tried together before division C and disposed of by one single judgment.’ Thereafter, the said consolidated cases coming on to be tried before the Honorable Henry Ren-shaw, one of the judges of the First city court, petitioner excepted to his trying the same, and to the jurisdiction of the court, because as the result of the consolidation the matter in dispute exceeds the jurisdiction of the court, being $158.99. This exception was erroneously overruled, and thereupon the Honorable Henry Renshaw, having heard the case, dismissed all three cases as in case of nonsuit because there was neither allegation nor proof of notice of dishonor, and he should have rendered an absolute judgment in favor of the defendant, the case having been submitted on its merits. Thereupon Wisdom & Levy took an appeal to the Court of Appeal for the parish of Orleans, and, the cases coming on to be heard before Judge Estopinal, sitting alone, on the 17th of May, 1907, petitioner, through his counsel, moved to dismiss the appeal, because the Court of Appeal for the parish of Orleans has no jurisdiction of an appeal from the First city court when one judge was sitting alone, in- *703 asniueh as the matter in dispute exceeds the ■sum of one hundred dollars ($100), and if that court should try the case, which should he heard by at least two judges, and moved to dismiss the appeal for the further reason that W. H. Bille, the other party to the suits, had not been made a party to the appeal.
“This motion was promptly denied, and the Honorable Judge Estopinal, sitting alone, then proceeded to try the case and render judgment reversing the judgment of Judge Renshaw, and render judgment in favor of Wisdom & Levy and against petitioner for the amount of the ■said notes, on which he was indorser, with interest and 20 per cent, attorney’s fees.
“That the said judgment was clearly contrary to law. Act No. 64, p. 147, of 1904, has not changed the law on the subject of negotiable instruments, but simply declared the law as previously existed, and the subject of '“presentment for payment’ is treated of under article 6 (sections 70 to 88, inclusive), and so distinct is the ‘notice of dishonor’ that it is treated of in article 7 (sections 89 to 118, inclusive), and section 89 says: ‘When a negotiable instrument has been dishonored by nonpayment, notice of dishonor must be given to each indorser and any indorser to whom such notice is not given is discharged.’
“The judgment by Judge Estopinal in the ■said case is contrary to statutory law. Petitioner has filed an application in due season for a rehearing, of which a copy is annexed, and the rehearing was refused on the 18th of October, 1907, and a copy of the said ruling on the application is also annexed. Judge Estopinal rendered no written opinion in any of the said cases, and petitioner has filed with the cleric ■of the Court of Appeal and served upon the Honorable William A. Bell, attorney for Wisdom & Levy, notice of his intention to apply to this honorable court for relief.”
In view of the premises petitioner prayed:
“That your honors would issue a writ of certiorari or writ of review, and order the Court of Appeal for the parish of Orleans to send up the three records entitled ‘Wisdom & Levy v. Bille & Bille,’ that the errors contained may be corrected, and that your honors may fender such judgment as should have been rendered in the first instance, rejecting the demand of the plaintiff in said cases, and for costs and general relief.”
An order for certiorari and writ of review was granted on the 18th of November, 1907, and was issued as prayed for, and the records have been brought up as ordered. The plaintiffs, Wisdom & Levy, have prayed this court to have the said order set aside, vacated, and avoided on the ground that it was erroneously granted upon one single petition herein filed by the applicant for a writ of review to this court of three separate and distinct judgments rendered in three separate suits bearing the docket numbers 4,206, 4,207, and 4,208 of the Court of Appeal for the parish of Orleans, and the numbers 28,288 and 27,435 and 27,279, respectively, of the docket of the First city court of New Orleans, from which last-named court three separate appeals were taken under three separate bonds; judgment upon the three said suits never having been entered, either in the city court or in the Court of Appeal under one judgment or one docket number.
They suggested to the court that, inasmuch as said applicant had not, as the law requires, made application under three separate petitions for certioraris or writs of review on the three separate judgments rendered in the Court of Appeal as aforesaid, nor paid three separate docket fees in this honorable court, but, on the contrary had filed in this court but one petition, paid but one docket fee, and in the prayer of said petition had failed to designate by specific number under which of said judgments he would have this honorable court grant certiorari or writ of review, this court was without authority to grant the relief prayed for.
The plaintiffs instituted suit in the First city court for the city of New Orleans against W. I-I. Bille and Dr. Waldemar Bille, seeking to recover a judgment against them in solido for the sum of $47.44, with 8 per cent, interest on $20.21, from February 15, 1905, until paid, and 8 per cent, interest on $20.23, from February 15, 1906, and 20 per cent, attorney’s fees on $47.44.
Dr. Waldemar Bille filed an exception that plaintiffs’ petition disclosed no cause of action. Under reservation of this exception he pleaded a general denial. Further answering, he denied that plaintiffs were the owners of the notes sued on, but averred that they and B. W. Seawell were at the dates *705 thereof, and were still, the agents of the Equitable Life Insurance Company of New York, and B. W. Seawell obtained said notes from the maker on the promise that if he was unable to pay the notes they would cancel the policy of life insurance to pay the premiums of which the notes were given, and return the notes, and B. W. Seawell was then and was still" acting as the agent of Wisdom & Levy. He prayed that plaintiffs’ demand be rejected. This answer bears the number 28,288 of the First city court. The petition and the citation in the case bear no number whatever, as they should have borne; nor do they show in what division of the First city court the suit was brought. Later, however, the plaintiffs’ attorney filed a motion in division A of that court, and as being made in suit No. 28,288 of its docket ■ — a motion in which they suggested that that suit then pending in division A disclosed the same cause of action as suits Nos. 27,279 and 27,435 pending before division C of the same court, and that the attorneys for defendant had consented to a consolidation of said cause for trial before division C as per agreement annexed. They prayed that suit No. 28,288 of division A be consolidated with causes Nos. 27,279 and 27,435, and that the three said causes be tried together before division C, and decided by one single judge. The court granted the motion.
The consent referred to in the motion read as follows:
“First City Court of New Orleans.
“Wisdom & Levy v. W. H. Bille & Dr. Waldemar Bille. Nos. 27,279, 27,435, 28,288.
“It is agreed that the three cases bearing above title and numbers may be consolidated and allotted to one judge and tried together, and the evidence taken in one may be used in all, and all may be tried before division C.
“[Signed] B. R. Forman,
“Atty. for Dr. Waldemar Bille.
“Wm. A. Bell,
“Robert McPerrin,
“Attys. for Wisdom & Levy.”
In suit No. 27,279 in division C of the First city court, referred to, the plaintiffs, Wisdom & Levy, sought to recover judgment from W. H. Bille and Dr. W. Bille in solido for the sum of $91.34 with 8 per cent, interest thereon from February 15, 1906, until paid, with 20 per cent, attorney’s fees thereon.
Plaintiffs in that suit declared upon four promissory notes, all dated February 15, 1906, signed by W. H. Bille, payable to his own order and by him indorsed, and indorsed by Dr.. W. Bille.
In suit No. 27,435 of division C, referred to, plaintiffs sought to recover from the same defendants in solido the sum of $23.70, with 8 per cent, interest from February 15, 1906, and 20 per cent, thereon as attorney’s fees. The plaintiffs declared on a note similar in form to that on which they had brought suit in suit No. 27,279.
Dr. W. Bille filed the same exception in these two suits and substantially the same answer as he had done in suit No. "28,288. On March 4, 1906, Dr. W. Bille filed in division C a motion bearing the heading: “Wisdom & Levy v. W. H. Bille. Nos. 27,279, 27,435, 28,288” — in which, averring that “these eases have been consolidated by written agreement,” he excepts to the jurisdiction of the court because the amount in dispute exceeds $100. He prayed that the exception be maintained and these suits be dismissed.
The record does not show what disposition, if any, was made of this exception; but on that day (on March 4, 1907) the judge of division O rendered three judgments, each in favor of Dr. W. Bille, against plaintiffs, and dismissed their demand against him as of nonsuit. These judgments were signed on March 5, 1907.
On March S, 1907, plaintiffs applied in each of the three cases, and obtained three orders, for a suspensive appeal to the Court of Appeal, which were duly perfected by the execution of bonds.
The appeals were docketed in that court under the Nos. 4,206, 4,207, and 4,208. The appeal in suit No. 28,288 was docketed un *707 der the number 4,206, that in suit No. 27,435 as No. 4,207 and that in suit No. 27,279 as No. 4,208.
The plaintiffs filed in the Court of Appeal, under the heading: “Wisdom & Levy v. Dr. Waldemar Bille. Nos. 4,206, 4,207, and 4,-208” — a motion to dismiss the “appeals” in these cases, because they were consolidated in the First city court and the matter in dispute exceeded $100, and the First city court had no jurisdiction, and the Court of Appeal, only one judge presiding, had no jurisdiction on appeal in such case, and because W. H. Bille, one of defendants, maker of the notes, was not made a party to these appeals. This motion was overruled on May 17th. The Court of Appeal, through Judge Estopinal, rendered a judgment June 17th in suit No. 4,206, setting aside the judgment appealed from and ordering and decreeing that there he judgment in favor of plaintiffs and against defendants, W. H. Bille and Dr. W. Bille in solido for $47.44, with 8 per cent, interest on $20.21 from February 15, 1906, until paid, with 8 per cent, interest on $20.23 from February 15, 1906, until paid, and 20 per cent, attorney’s fees on $47.44.
On application for a rehearing the application was denied, but the judgment was amended so as to set aside the judgment which had been rendered against W. H. Bille, as he had not been cited.
On June 17, 1907, the Court of Appeal, through Judge Estopinal, rendered judgment in suit No. 4,207, setting aside the judgment appealed from, and rendering the judgment in favor of plaintiffs against defendants, W. H. Bille and Dr. W. Bille, in solido, for $23.-21, with 8 per cent, interest thereon, from February 15, 1906, until paid, with 20 per cent, attorney’s fees thereon.
On application for a rehearing the application was denied, but judgment was amended and plaintiffs’ suit was dismissed as to W. H. Bille for the reason stated. On June 17th the Court of Appeal, through Judge Estop-inal, rendered judgment in suit No. 4,208, setting aside the judgment appealed from and ordering and decreeing that there be judgment in favor of plaintiffs against W. H. Bille and Dr. W. Bille, in solido, for $91.-34, with 8 per cent, interest thereon from February 15, 1906, until paid, with 20 per cent, attorney’s fees thereon.
On application for a rehearing the application was denied, but the judgment was amended so as to dismiss plaintiffs’ demand as against W. H. Bille for the reason stated.
The application for a rehearing made by Dr. Waldemar Bille was made under the heading “Wisdom & Levy v. W. H. Bille and Dr. Waldemar Bille, Nos. 4,206, 4,207, and 4,208 Consolidated.” He prayed the court in this application to set aside the judgments therein as being contrary to the law and the evidence, because the court erred in overruling the exception to jurisdiction because first by written contract the three ca'ses were consolidated and thereby became one case, and the amount in dispute exceeded the sum of $100; second, because there was no allegation in any one of the petitions that notice of dishonor had been given on the next day after maturity, or at any other time, and thereby the indorser was released.
On Motion to Set Aside Order Granting a Writ of Review.
The fact alleged in this motion, that applicant has paid but one docket fee, is no ground for setting aside the order we have granted. The payment of a docket fee is a matter which concerns the clerk of the Supreme Court. He is at liberty to waive any right which he may have in respect to making a payment of such fee — a condition precedent to his filing the records which we have ordered to be sent up. We have received no complaint from him on that score. Plaintiffs cannot urge on his behalf objections which he had not raised himself.
*709 We Laye received and have before us for consideration under our order the records of three separate suits in the First city court, ending in three judgments in that court, all alike, except in such particulars as were made necessary by reason of different amounts being claimed in each, together with the record in the Court of Appeal for the parish of Orleans in the matter of three appeals taken to that court from the three judgments mentioned, ending also in that court in three judgments all alike, except as to the amounts for which judgment was asked in each. It is urged that by reason of consolidation of the three cases into one suit by agreement the amounts for which judgments were asked in the three suits became merged into one demand for judgment for the aggregate amount of the sums demanded in the three petitions of the plaintiffs. We do not give to the agreement entered into between counsel the construction which defendants’ counsel sought to have given to it in the city court. We must assume, so far as the agreement is concerned, that it was entered into in good faith by both counsel, and must give to it a construction which would effectuate the object had in view, and not one which would destroy ipso facto the rights of the plaintiffs by throwing out all three of the suits for want of jurisdiction. The object of the agreement was to economize costs, labor, and time by bringing the three suits for consideration before the judge at the same time and under the same evidence, making the conclusions which the judge should reach as to one govern and control the judgments in the two other eases. The judge of the city court overruled the exception which had been pleaded to the jurisdiction and rendered three judgments (each alike) nonsuiting the plaintiffs. Plaintiffs thereupon obtained three different orders of appeal, one in each ease, from the judgments rendered, and perfected each appeal. The appeals were lodged in the Court of Appeal and docketed under three different numbers. The agreement which had been entered into by counsel in the lower court was taken to have been intended to follow the three suits until one at least should be finally decided by the upper courts. Hence they were all tried in the Court of Appeal de novo at one time and under the same evidence, just as they had been tried in the city court; the court rendering a judgment in each case — the judgments being all alike. The judgments below, however, were reversed, and judgment in each case was rendered in favor of the plaintiffs as prayed for. Defendant thereupon, adopting the construction which up to that time had been placed upon the agreement of counsel, applied to this court for a writ of review, and we have granted it. We think we should dispose of the rights of the parties under the same construction of the agreement of counsel as was reached in the First city court and the Court of Appeal. One of the three cases — it is immaterial which — under the agreement of the parties is unquestionably before us. So holding, the application to set aside the order for a writ of review is denied.