POSTAL TELEGRAPH CABLE CO. **7851**

vs.

H. ABRAHAM & CO.

No. 7851.

October 25th, 1920.

7851

68

POSTAL TELEGRAPH CABLE CO.

vs.                                            No. 7851.

H.ABRAHAM & CO.

Appeal from Civil District Court, Hon.Hugh C.
Cage, Judge.

CHARLES F.CLAIBORNE, JUDGE.

This is a suit for the cost of messages and cables
sent by the plaintiff at the request of the defendants.

The defendants admit the debt, but plead in reconven-
tion. They aver that the plaintiff is indebted to them for
the following reasons: That in January, 1904, through the
plaintiff, they sent the following code message,

"P. F. E R D H A M Married 2000";
that the said message meant

"Sell June/July 2000 Bales of cotton";
that the plaintiff erroneously transmitted the following
message:

"Married 300";
that by reason of said error defendants lost $577.15;

That in January, 1905, they sent another message
through the plaintiff reading:

"Sell two hundred American Locomotive at forty-two
open";
that this message was delivered with the last four words
omitted; that by reason of said error defendants lost $100;
making a total of $677.15 which they claim in reconvention.

There was judgment in favor of plaintiff as prayed
for, and against the defendants rejecting their reconvention-
al demand.

The defendants have appealed. They admit their lia-
bility for the amount of the judgment in favor of the plaintiff,
but claim that there is error in the judgment rejecting their
reconventional demand.

The defense to the reconventional demand is based upon

the clauses of the two blanks upon which the defendants wrote their two applications for the messages, and which the telegraph company asserts formed the contract between itself and the defendants. This blank contains the following printed clauses:

> "The Postal Telegraph-Cable Company transmits and delivers this cablegram subject to the terms and conditions printed on the back of this blank".

The clauses upon the back of the blank applicable to this case are the following:

> "To guard against mistakes or delays, the sender of a message should write it legibly and order it repeated; that is, telegraphed back to the sending station for comparison. For such repeating, an additional charge of one quarter rate will be made. It is agreed between the sender of the message on the face hereof and this company, that said company shall not be liable for mistakes or delays in transmission or delivery, or for non-delivery, or misdelivery, of any unrepeated message beyond the amount of that portion of the charge which may or shall accrue to this company out of the amount received from the sender of this; &c".

The Telegraph Company contends that these clauses relieve it from any liability beyond the amount paid to it. by the defendants for sending the messages.

In the case of Tujague vs Western Union Telegraph Co., 11 Ct. Appeals 267, year 1914, this Court, following Primrose vs Same Co., 154 U. S. 1, said:

> "A stipulation between a telegraph Company and the sender of the message, that the Company shall not be liable for mistakes in the transmission of a message beyond the sum received for sending it, unless the sender orders it to be repeated by being telegraphed back to the originating office for comparison and pays half that sum in addition, is reasonable and valid". See also 251 U. S., 27.

We see no reason to change our opinion.

But the defendants urge two reasons why the Tujague case should be differentiated from this one.

They say that there is no evidence that the messages in this case were unrepeated messages. If we admit, as we must, that the defendantShad no cause of action against the Telegraph Company unless they alleged and proved that they had ordered the messages repeated, then the burden of proof was upon them to establish the fact that the messages upon which they sued were repeated messages.

In 139 La., 10, Lurie vs Titcomb, the Supreme Court said: "Whatever facts must be proven to maintain a suit on its merits must be alleged to set forth a cause of action, even though the allegations would be of a negative character." 143 La., 843; 509 (524); 120 La., 700.

But the defendants have overlooked the fact that the application blanks on which they base their suit contain the following language:

"Send the following message, (send the following cablegram), without repeating, subject to the terms and conditions printed on the back hereof, which are hereby agreed to".

The defendants also argue that while the clause limiting the liability of the Telegraph Company is the recognized jurisprudence since the year 1910 when Congress passed the Act of June 18th.making the provisions of the Interstate Commerce Act apply to Telegraph Companies, such was not the law in the years 1904 and 1905 when they send the messages upon which they sue herein. In this they are mistaken, for the Primrose case in the 154 U. S.,1 was decided in the October term of the year 1893.

They argue,in addition, that the jurisprudence and public policy of Louisiana in the year 1904 was opposed to the doctrine of the Primrose case. The only case to which our attention has been called which decides the exact point at issue in this case is Macheca Bros. vs Postal Telegraph Co., No. 1591 of this Court, reported in Opinion Book 12 p

71

228.

That case was decided in 1896. It is true that that case was similar to this one under consideration as to the points involved, and that it was therein decided that the Telegraph Company was liable for an error in transmitting a message notwithstanding a clause similar to the one contained in the two blanks we are considering. But it does not appear in that case that the attention of the court was called to the Primrose case. At any rate, we do not consider that a decision from this Court, nor from any court of this State from which an appeal lies, is sufficient to establish the jurisprudence or the public policy of the State.

This view of the case dispenses us from examining whether there is any difference in the liability of a telegraph company between a message in ordinary plain language, and one in a code or cipher language presenting neither doubt nor ambiguity.

Judgment affirmed,
October 25th, 1920.