No. ——
First Circuit Appeal

FIRST STATE BANK AND TRUST COM-
PANY v. J. E. SMOOT AND COM-
PANY, INC.

(March 4, 1925, Opinion and Decree.)
(June 12, 1925, Rehearing Refused.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Bills and Notes—
Par. 148, 150.**

Under Section 89 of Act 64 of 1904 the
negotiable instruments law unless there
is notice of dishonor to the drawer
endorser of a draft, the drawer is dis-
charged.

2. **Louisiana Digest—Pleading—Par. 62.**

An exception no cause of action aimed at
a petition, a suit to enforce payment
of a draft, which does not allege notice
of dishonor to the drawer and endorser
thereof, should be maintained.

Appeal from the Parish of Livingston,
Hon. Columbus Reid, Judge.

This is a suit to enforce payment of a
draft. There was an exception no cause
of action filed which was overruled. There
was judgment for defendant on the trial
of the case and plaintiff appealed. Judg-
ment overruling the exception no cause of
action reversed and plaintiff's suit dis-
missed.

W. S. Rownd, of Hammond, attorney for
plaintiff, appellant.

Kemp and Buck, of Amite, attorneys for
defendant, appellee.

MOUTON, J. Plaintiff, in its petition,
alleges that J. E. Smoot and Company, on
October 27, 1920, drew a draft on the
Columbia Box Factory Inc., to its own
order and by it endorsed, for the sum of
$399.23; and, that it acquired this draft,
in good faith before maturity and for a
valuable consideration. Reserving its

rights against the Columbia Box Factory,
acceptor, and the Ten Day Grocery Co.,
endorser, plaintiff sues defendant company
for the amount of the draft, with exchange
and legal interest.

The court overruled an exception of no
cause of action filed by defendant, but
rejected the demand on the merits.

Plaintiff appeals.

Non-payment of the draft is alleged in
the petition but there is no allegation of
notice of dishonor to the J. E. Smoot and
Company, drawer and endorser. Such a
notice is required by Section 89, of Act
64, 1904, or else the drawer is discharged.
Nor is there any averment in the petition
that notice of dishonor was dispensed with
or was waived either expressly or by im-
plication. Plaintiff having failed to so al-
lege, the petition discloses no cause of
action. 120 La. 711.

It is therefore ordered, adjudged and de-
creed that the judgment overruling the
exception be avoided, and reversed; that
the exception of no cause of action be
and is hereby maintained, dismissing plain-
tiff's suit at its costs.

ON REHEARING.

LECHE, J. A decree maintaining an ex-
ception of no cause of action in this case,
was entered on March 4, 1924, and the
case was again submitted to this court, at
Amite, on May 6, 1925. Presumably a
rehearing was granted, but the written
order granting such a rehearing, is not
in the record. Nor do we find in the rec-
ord any brief on behalf of plaintiff, either
on the first or the second hearing. With
the lights before us, we can discover no
error in our former opinion and for that
reason

It is ordered that our former decree be
reinstated and made final.