## J. J. CLARKE CO., Inc., v. FORD et al.*
### No. 14318.

Court of Appeal of Louisiana. Orleans.
Jan. 30, 1933.

H. M. Ansley, of New Orleans, for appellant.

Dart & Dart and Leo L. Dubourg, all of New Orleans, for appellee.

JANVIER, J.

Plaintiff alleges that it is the owner of a note indorsed by Herman J. Estrade, one of the defendants. By exception of no cause of action, the said Estrade contends that plaintiff's suit should be dismissed because of its failure to allege that the said note was presented to the maker and not paid, and because also of its failure to allege that notice of dishonor was served upon exceptor, the said indorser. The exception was overruled, and Estrade, reserving the benefit of the exception, filed answer, and the matter went to trial. Thereupon plaintiff offered evidence tending to prove that the note, at the time of its maturity, belonged to and was in the possession of the said Estrade, and that he, being indebted unto plaintiff, tendered the said note to plaintiff, and, at plaintiff's request, added his indorsement thereto.

Under the Negotiable Instruments Law of this state, Act No. 64 of 1904, and particularly under section 89 thereof, in order to hold an indorser liable, it is necessary that "notice of dishonor must be given to the drawer and to each endorser, and any drawer or indorser to whom such notice is not given is discharged."

It is manifest, however, that the said section is inapplicable where the indorser sued was the owner of the note at its maturity and later pledged the said note and added thereto his indorsement, because it would be absurd to require that notice of dishonor be given to a person who was the owner of the note at the time it matured and failed of payment and who later himself indorsed it and negotiated it. It is therefore evident that, had plaintiff alleged what it later sought to prove, that is, that at the time of maturity Estrade was the owner of the note, it would have been within its rights in offering proof in support of the said allegation. But it did not do so, but chose to sue the indorser under allegations which would indicate that the note came into its possession prior to maturity and with the name of the indorser already thereon. When the evidence to which we have referred was tendered, Estrade's counsel, renewing his exception of no cause of action, objected to any evidence tending to show the facts to which we have referred. The objection being overruled, the evidence was permitted to be introduced.

While we are very loath to sustain an exception of this kind for the reason that, if the evidence to which we have referred cannot be controverted, it is apparent that a new suit, alleging facts such as are indicated by the evidence, will be successful, nevertheless, under the allegations of the petition, the evidence tendered was clearly objectionable, since the exception of no cause of action should have been sustained, and had the true facts been alleged, it is possible that defendant could have set forth a different defense.

In Lewy v. Wilkinson, 135 La. 105, 64 So. 1003, 1004, our Supreme Court was confronted with just such a situation as we now find before us. It said: "Defendant filed an exception of no cause of action. This exception

was referred to the merits, notwithstanding the fact that an exception of no cause of action must be disposed of on the face of the petition; that no evidence can be considered in connection with it. Said exception was well taken, and should have been sustained. The notes, being annexed to, and made part of, the petition, show that defendant's liability is as indorser, and not as surety; and the petition does not contain the allegation that notice of the presentment of the notes for payment was given to the defendant—an allegation which this court 'has held must be made expressly for showing a cause of action against an indorser. Wisdom & Levy v. Bille, 120 La. 700, 45 So. 554."

In First State Bank & Trust Co. v. Smoot & Co., 2 La. App. 793, the Court of Appeal for the First Circuit said: "Non-payment of the draft is alleged in the petition but there is no allegation of notice of dishonor to the J. E. Smoot and Company, drawer and endorser. Such a notice is required by Section 89, of Act 64, 1904, or else the drawer is discharged. Nor is there any averment in the petition that notice of dishonor was dispensed with or was waived either expressly or by implication. Plaintiff having failed to so allege, the petition discloses no cause of action. [Wisdom & Levy v. Bille] 120 La. 711 [45 So. 554]."

■ ▇ Plaintiff should have alleged either that notice of dishonor was given to the indorser, or such other facts as would have shown that the requirement of the act of 1904 is not applicable.

The judgment appealed from is annulled, avoided, and reversed, and the exception of no cause of action is sustained, and plaintiff's suit is dismissed as in case of nonsuit and at its cost.

Reversed.