## WINN v. BATTON et al. *
### No. 4715.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1934.

Drew & Richardson, of Minden, for appellant.

Watkins & Watkins, of Minden, for appellees.

TALIAFERRO, Judge.

On February 19, 1932, J. B. Batton, a defendant herein, executed and delivered to plaintiff his promissory note for $1,200, due on or before one year after date. Payment of the note was secured by second mortgage on the maker's home in the city of Minden, La. It was indorsed by the other defendants, C. A. Batton, W. D. Perryman, E. F. Perryman, E. H. Batton, and T. J. Hardeman, who, it is conceded, were not personally or financially benefited from the loan the note was given to evidence. They placed their signatures on the paper for the accommodation of the maker who, at the time, was a candidate for sheriff, the proceeds of which, it is intimated, were expended in his unsuccessful race for that office.

The note matured on February 19, 1933, which was a Sunday. Lewy v. Wilkinson, 135 La. 105, 64 So. 1003. Demand for payment was made on the maker the following day, and payment not being made because of his inability to do so, suit was filed on February 21st, and it is contended was served on the maker and all indorsers that day. There was no protest of the note when dishonored, and no notice of such dishonor was given the indorsers, other than that resulting from service of petition herein. Defendants (the indorsers) incorporated in their answer an exception of no cause of action and no right of action, which was not passed on by the lower court. This exception is leveled against the absence from plaintiff's petition of these allegations: That the note was presented to the maker for payment and dishonored by nonpayment; that it was protested, when dishonored; and that notice of such acts was seasonably given to the indorsers. The indorsers aver their release from liability on

*Rehearing denied March 2, 1934.

the note because plaintiff failed to give them notice of the note's dishonor by the maker at maturity, and because it was not protested when dishonored. The maker admits liability on the note to the extent of $1,000. He alleges that he only received this amount thereon from plaintiff. The correctness of this is now conceded by plaintiff.

The lower court sustained the defense of the indorsers and rejected plaintiff's suit against them. There was judgment against J. B. Batton for $1,000 interest and attorney's fees, with recognition of the mortgage given by him to secure payment of the note. Plaintiff appealed from that part of the judgment which released the indorsers.

■ The note sued on having matured on a legal holiday, it could not be presented for payment until the following day. Act No. 64 of 1904, §§ 85 and 194. This was done, and payment not being made on this demand, this suit was immediately instituted. The petition contains these allegations, viz.:

"Petitioner further shows that he has made demand on the said defendants but to no avail; that he has tried to collect said note without the necessity of suit but to no avail and that there has been nothing paid on said note and that the entire amount of principal, interest and attorney's fees and costs is not due" (is now due).

■ It is contended by plaintiff that as service of process herein was made on all parties to said note the first legal day after the note matured and payment thereof refused by the maker, that this met all the requirements of law with respect to necessity of notice of dishonor to the indorsers. Defendants take the negative of this proposition. This is the main question in the case. Protest of the note for nonpayment was not necessary to hold the indorsers. Foreign bills of exchange only need be protested when dishonored. Act No. 64 of 1904, §§ 118 and 129. If plaintiff's position is not well founded, it follows that the indorsers are released. The note contains no waiver of the formalities, the nonobservance of which by plaintiff, defendants contend, operated a release of them from liability.

Section 84 of Act No. 64 of 1904 gives to the holder of a dishonored instrument an immediate right of recourse against all persons secondarily bound thereon, subject to other provisions of that statute. This means that the right to sue the persons secondarily liable for the obligation attaches as quickly and as certainly as does the right to sue the maker, which may be done the day following the maturity of the instrument (section 86). This right to sue the indorsers on the first legal day following maturity of the note is not dependent upon the prior giving to them of nonjudicial notice of the dishonor of the instrument. The holder has all that day to give such notice and he may also on that day file suit and have it served. It would seem absurd to say that after service of process of court to enforce payment of the dishonored note that the indorsers would be released if nonjudicial notice of dishonor were not thereafter given them. If suit is filed later than the first day it may be filed, of course, prior notice of dishonor to the indorsers would be necessary to hold them (section 89).

There is no sacramental form for the giving of notice of dishonor of a negotiable instrument to those secondarily responsible thereon (sections 89, 96, Negotiable Instrument Law). It may be done by telephone, personal conversation, or by writing. Notice is sufficient if it imparts to the indorsers the identity of the instrument dishonored and the fact of dishonor. The law requires that the notice be given not later than during the day following the dishonor of the instrument (section 103, Act No. 64 of 1904). The purpose of such notice, in addition to holding those secondarily liable thereon, is to afford those thus bound for its payment an opportunity to discharge it before suit is filed to enforce payment thereof, with consequent costs.

■ The petition in this case carefully described the note sued on. It is alleged therein that payment thereof had been demanded of defendants, without success, and that the whole of the note remained unpaid. It seems to us that the service of petition herein the day it was filed would operate as a notice of dishonor of the note, of the most impressive character; and especially does this appear so when we take into consideration the fact that the law requires no particular form for such a notice.

Since the exception of no cause of action and no right of action was not passed on by the lower court, we are not required to consider it. It is not seriously urged here.

We see no reason why notice of the dishonor of a promissory note to persons secondarily liable thereon cannot be effectively given judicially, as is claimed to have been done in this case, as well as by other means, and we hold that such can be done.

■ There is no specific allegation in plaintiff's petition that notice of dishonor of the note had been given the defendants who indorsed it. No such allegation could truthfully have been made, as such notice had not been given. It is necessary, to disclose a right and cause of action against the indorsers, that it be affirmatively alleged that notice of dishonor to them has been timely given. Wisdom & Levy v. Bille et al., 120 La. 711, 45 So. 554; First State Bank & Trust Co. v. Smoot & Co., Inc., 2 La. App. 793.

■ As stated before, defendants' exception of no cause of action and no right of action was not passed on by the lower court, and we

shall not do so. In this connection, however, defendants' counsel protected their rights by objecting to the admissibility of any evidence to prove notice of demand for payment and notice of dishonor by proving that the petition in this case was served on them on the day suit was filed. The evidence was admitted subject to the objection. The objection should have been sustained.

The proffered testimony was not considered, nor given effect by the lower court. It was tendered to prove a fact not alleged, and which would not then be truthfully alleged, in the petition.

For the reasons herein assigned, the judgment of the lower court, rejecting plaintiff's demands against the indorsers of the note sued on, is annulled, avoided, and reversed; and it is now ordered, adjudged, and decreed that plaintiff's suit against said indorsers be and it is hereby dismissed, as of nonsuit, at cost of plaintiff, in both courts.

DREW, J., recused.