Ponder & Ponder, of Amite, for appellant Tangipahoa Bank & Trust Co.

J. H. Inman, of Ponchatoula, for appellee.

LAND, Justice.

On April 25, 1934, suit was filed by plaintiff association against defendant bank, in liquidation, represented by J. S. Brock, state bank commissioner, liquidator, and C. C. Smith, his special agent, and A. L. Mixon, assistant special agent.

The purpose of the suit was to have a note held by the bank compensated by plaintiff's deposit in the bank, and the note, with the attached collateral, returned to plaintiff, which also claimed a credit of $471.09, payable in due course of liquidation. Tr. pp. 6-9.

On May 12, 1934, the special agents to the state bank commissioner, the liquidator, filed an exception that the citations issued are illegal, null, and void, as exceptors, though cited, had not been made parties to the suit. Tr. p. 11.

On May 29, 1934, a default was entered against J. S. Brock, state bank commissioner. Tr. p. 1.

On June 18, 1934, an exception was filed to the jurisdiction of the court by J. S. Brock, state bank commissioner, liquidator, and his special agents, Smith and Mixon. Tr. p. 12.

On June 19, 1934, the exception filed by Smith and Mixon, special agents, attacking the validity of the citations served upon them, was overruled, and it was ordered that the special agents be granted five days in which to answer. Tr. p. 2.

On June 19, 1934, the preliminary default taken against the state bank commissioner was confirmed, and judgment was rendered against him, and against "A. L. Mixon and C. C. Smith, special agents," although the exception to the jurisdiction of the court, filed by the state bank commissioner and his special agents on June 18, 1934, had not been overruled, and although no preliminary default had been entered against the special agents, who had been granted on June 19, 1934, the day on which judgment was rendered against them, a delay of five days in which to answer. Tr. p. 4.

As a matter of fact, an answer was filed by the special agents and the state bank commissioner on June 21, 1934, within two days after the judgment was rendered in this case against them on June 19, 1934. Tr. p. 15.

It cannot be disputed that this answer was filed within the time limit of five days granted by the court within which to answer, and it is clear that the confirmation of the default in this case was premature. Besides, an exception to the jurisdiction of the court was pending and not disposed of at the time of the confirmation of the default.

A default cannot be confirmed during the pendency of an exception, else the case must be remanded. State v. Vallette, 26 La. Ann. 730.

No judgment by default can be taken, until all legal exceptions be disposed of. Rawle v. Skipwith, 8 Mart. (N. S.) 118.

A judgment by default, taken and confirmed after the filing of exceptions, is null. Francis v. The Black Hawk, 18 La. Ann. 629.

Defendants have never been heard in the trial court on their exception to the jurisdiction. Judgment was rendered against them, while this exception was pending and undisposed of, and must be set aside.

It is therefore ordered that the judgment appealed from be annulled and reversed; that this case be remanded to the court below and proceeded with in due course; that plaintiff, appellee, pay the costs of appeal; and that all other costs await final judgment in the case.

### WINN v. PERRYMAN et al.*
### No. 5015.

Court of Appeal of Louisiana. Second Circuit.

May 2, 1935.

---

*Rehearing denied June 4, 1935.

Watkins & Watkins, of Minden, for appellants.

A. S. Drew, of Minden, for appellee.

MILLS, Judge.

This is a second suit brought by plaintiff against W. D. Perryman, E. F. Perryman, E. H. Batton, and T. J. Hardman, all residents of Webster parish, as indorsers on a promissory note. In the first suit, which was appealed to this court, we reversed the judgment of the lower court in so far as it rejected the demand of the indorsers, and dismissed the action as to them as of nonsuit. Winn v. Batton et al. (La. App.) 152 So. 349.

The defense in that case, as it is in this, was want of notice of dishonor. The first suit was filed without any previous notice; plaintiff contending that the service on defendants of citation and a copy of the petition containing the necessary averments itself constituted notice of dishonor. While recognizing the soundness of this contention, we held that the notice must be given prior to the institution of suit, and alleged upon in the petition, to state a cause of action. That notice accomplished by the service, while valid as such, came too late to save the action.

The present suit contains the allegation that timely and legal notice of dishonor was given the indorsers by means of the service in the former suit. The answer sets up that this did not constitute a legal notice, and that, no other being given, defendants are discharged.

In the lower court there was judgment for plaintiff, from which defendants have appealed.

■■ While the objection of counsel for defendants that our expressions in the former opinion went further than necessary for a decision of the question before us may be well founded, those expressions, as quoted below, are correct, pertinent to the present issue, and decisive of it:

"There is no sacramental form for the giving of notice of dishonor of a negotiable instrument to those secondarily responsible thereon (sections 89, 96, Negotiable Instrument Law). It may be done by telephone, personal conversation, or by writing. Notice is sufficient if it imparts to the indorsers the identity of the instrument dishonored and the fact of dishonor. The law requires that the notice be given not later than during the day following the dishonor of the instrument (section 103, Act No. 64 of 1904). The purpose of such notice, in addition to holding those secondarily liable thereon, is to afford those thus bound for its payment an opportunity to discharge it before suit is filed to enforce payment thereof, with consequent costs.

"The petition in this case carefully described the note sued on. It is alleged therein that payment thereof had been demanded of defendants, without success, and that the whole of the note remained unpaid. It seems to us that the service of petition herein the day it was filed would operate as a notice of dishonor of the note, of the most impressive character; and especially does this appear so when we take into consideration the fact that the law requires no particular form for such a notice."

For the reasons assigned, the judgment appealed from is affirmed.

DREW, J., recused.