## FERGUSON v. COURTIN et al.

### No. 16436.

Court of Appeal of Louisiana. Orleans.

Nov. 30, 1936.

Louis E. Jung, of New Orleans, for appellant.

Legier, McEnerny & Waguespack, of New Orleans (Harry McEnerny, Jr., of New Orleans, of counsel), for appellee.

JANVIER, Judge.

This is a suit on a promissory note. Solidary judgment is sought against P. E. Courtin, the maker, and James E. Courtin, the indorser. When defendants received citation they filed a joint answer in which they alleged that the note had been paid by two certain checks which they filed with their answer, and which checks were dated prior to the maturity of the note and were made by P. E. Courtin. When the case was called for trial on the issue as presented by the plea that the note had been paid prior to its maturity, counsel for James E. Courtin, the indorser, filed an exception of "no right or cause of action," in which it was set forth that the petition filed by plaintiff did not allege a cause of action against the indorser for the reason that the said petition did not contain an allegation that the said indorser had been served with notice of dishonor. Counsel for plaintiff objected to the filing of the said exception on the ground that an answer had already been filed and that in the said answer payment prior to the maturity of the note had been alleged, and, in support of the objection to the filing of the said exceptions, it was argued that, under the rules of the First city court and also by reason of the provisions of section 1 of Act No. 219 of 1932, all exceptions and answers presented in a case in that court must be filed at the same time, and that, therefore, no such exception could be presented after the answer had been filed and the case set for trial on the merits. Counsel for plaintiff also objected to the filing of the said exception on the additional ground that by it there was raised a defense inconsistent with that set forth in the previously filed answer, the point sought to be made being that, since the answer in which the payment had been pleaded specifically set forth that the said note had been paid prior to its maturity, it was inconsistent for defendant to later contend that he had not been served with notice of dishonor, which notice of dishonor would, of course, not have been necessary, or even possible, if the note had been paid prior to its maturity. The exception was overruled, and thereupon counsel for defendant stated:

"On behalf of Mr. James E. Courtin (indorser) we have no objection to counsel for plaintiff proving his case, we are not going to attempt to make any defense, we are going to rely on our exception of no cause of action."

Counsel for plaintiff tendered evidence showing the making of the note, the indorsement thereof, and that it had not been paid. (It is obvious that the checks filed with the answers were given in payment of some other obligation.) No evidence was offered to show that notice of dishonor had been given to the indorser. Judgment was rendered against both defendants. James E. Courtin, the indorser, has appealed.

The rule of court to which counsel for exceptor referred is numbered 9 and reads as follows:

"Answer and Pleadings. All pleadings by way of answer and exception, must be filed within legal delays, at one and the same time."

The statute to which he referred is Act No. 219 of 1932, which controls the manner and form of proceedings before the city courts of this state and which, in section 1, provides, inter alia, "that all exceptions and answers must be filed at the same time."

Counsel for exceptor now contends that neither the rule of court nor the statute has reference to those peremptory exceptions founded on law which are referred to in Code Prac. art. 345, and which, under Code Prac. art. 346, "may be pleaded in every stage of the action." He maintains that these exceptions may be pleaded at any time if "the proof * * * appears by the mere examination of the record." Code Prac. art. 902. Cases in which such exceptions are discussed are: Veasey v. Peters et al., 142 La. 1012, 77 So. 948; Brown v. Saul, 4 Mart.(N.S.) 434, 16 Am.Dec. 175; Union Bank v. Dunn, 17 La. 234; Montfort v. Schmidt, 36 La. Ann. 750; La Casse v. New Orleans, T. & M. R. R. Co., 135 La. 129, 64 So. 1012.

Whether the exception is one founded on law which may be filed at any stage of the proceeding, or is one depending upon whether or not there is an absence of material allegation of fact, we need not determine, for we have reached the conclusion that, even had the exception not been filed, it would have been necessary that the plaintiff, attempting to recover judgment against the indorser, allege and prove that the note had not been paid and that notice of dishonor had been properly served upon the indorser and that plaintiff has not been relieved of such necessity by the plea made by the indorser that the note had been previously paid by the maker.

That the holder of a promissory note who seeks judgment against the indorser must allege and prove that he has properly given notice of dishonor to the indorser has so often been held that it is almost unnecessary that authorities be cited. The requirement of presentment for payment and notice of dishonor appears in section 89 of article 7 of title 1 of Act No. 64 of 1904 (the Negotiable Instruments Law), which reads as follows:

"Except as herein otherwise provided, when a negotiable instrument has been dishonored by non-acceptance or non-payment, notice of dishonor must be given to the drawer and to each endorser, and any drawer or indorser to whom such notice is not given is discharged."

In Wisdom & Levy v. Bille et al., 120 La. 700, 45 So. 554, 558, the Supreme Court said:

"The indorser to be held, must be notified of dishonor. Plaintiff's petition must allege either that notice of dishonor was given or that it was waived."

In Lewy v. Wilkinson, 135 La. 105, 64 So. 1003, 1004, appears the following:

"The petition does not contain the allegation that notice of the presentment of the notes for payment was given to the defendant—an allegation which this court has held must be made expressly for showing a cause of action against an indorser."

It is true that in both of those cases the question was raised on exception of no cause of action and that in the case at bar the contention was not raised by the defendant except by the exception, to the filing of which objection has been made. But we believe that the allegation and proof of notice of dishonor is an essential, affirmative part of plaintiff's case rather than an essential part of the defense, and that, even where there is no appearance whatever by the defendant, the plaintiff, suing an indorser, is under the necessity of alleging and proving that notice of dishonor has been given.

In Winn v. Batton et al (La.App.) 152 So. 349, is found a suit against an indorser in which there was presented the ques-

tion of whether or not an exception of no cause of action, which had not been passed upon by the trial court, might be considered by the appellate court, and the further question whether, if the said exception could not be considered, plaintiff, who had not alleged that he had given notice of dishonor to the indorser, could be permitted to recover. The court held that it was not necessary for it to pass upon the question of whether it might or might not consider the exception of no cause of action, because, even in the absence of consideration of the said exception, and even had the exception not been filed, any evidence tending to prove that notice of dishonor had been given should be excluded because of the absence from the petition of allegation concerning the giving of the said notice. We agree with the conclusion reached in that case by the Court of Appeal for the Second Circuit because we feel that, as a result of the wording of section 89 of Act No. 64 of 1904, the holder of a promissory note who seeks judgment against the indorser states no cause of action unless, in his petition, he alleges that notice of dishonor has been given to the indorser and unless, also, in his evidence there is proof supporting the said allegation and that this is true even though the defendant has not, by exception or otherwise, put the question of notice at issue. The question of notice is at issue in any such suit, even without special pleading by the indorser; that is to say, it is at issue unless the indorser has waived notice, or, in his pleadings, has set up a defense which, because of inconsistency, makes it unnecessary that the holder of the note allege and prove that he has given notice of dishonor.

 But plaintiff contends that, by the plea of payment prior to maturity, the indorser has set up a defense which is inconsistent with the contention that the suit should be dismissed because of the absence of allegation and proof of notice of dishonor. It is true that the plea of payment constitutes an admission of the original existence of the debt because it is inconsistent for a defendant, sued on his written obligation, to deny that he had ever executed the obligation, and then, when defeated under that contention, to maintain that the obligation had previously been paid. But we see nothing inconsistent in an indorser's contending that the obligation, due primarily by some one else, has been paid by that other person and then later, if necessary, contending that, nevertheless, the debt had been extinguished as to him because of the failure on the part of the owner of the obligation to comply with some condition prerequisite to the holding liable of the indorser. In other words, here, all that the indorser has done is to plead that the obligation was previously paid by the primary obligor and, in the alternative, to contend that, whether or not it was previously paid by the primary obligor, he (the indorser) cannot be now held because his present liability does not exist under the act of 1904 unless the holder of the obligation can allege and show that he has complied with essential prerequisites. Here the indorser does not deny that the obligation originally existed. He concedes that it did, but he contends that it has ceased to exist as to him because its continued existence under the law depended upon the taking, by the holder of the obligation, of some action which the said holder has not alleged that he has taken. This view finds support in Blum v. Bidwell & Reddington, 20 La.Ann. 43, in which the holder of a draft sought to hold the drawer liable. The drawer of the draft, who is in the same position as is the indorser of a note, answered that he was of the opinion that the draft had long previously been paid and also contended that no notice of dishonor had been given to him (the drawer) when the drawee failed to pay it. It was asserted that the drawer of the draft had pleaded payment and, therefore, could not be heard to contend that he had not received notice of dishonor. The court held that, in alleging that "in his opinion the draft has been paid long ago," the drawer simply meant that he believed that it had been paid "by some one that was liable." The Supreme Court said, "he does not say that he has paid it himself." Then the court held that:

"The plea of payment relates particularly to transactions between plaintiff and defendant, and exclusively to sums paid by the latter in discharge, or in part payment of the plaintiff's demand."

We believe that that is all that defendant indorser has done here. He has alleged that the note on which he would have been secondarily liable was paid by the person primarily liable. In so alleging he has not made it unnecessary, if the holder intends to hold him (the indorser) liable, that the said holder allege and prove that

he·has given to him, the indorser, notice of dishonor.

Therefore, whether the exception of no cause of action be permitted to be filed or not, plaintiff's case must fail because of the absence from his petition of an essential allegation and without which there could be no proof and without which proof there could be no judgment.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is amended in so far as it condemns James E. Courtin solidarily with Paul E. Courtin; that to that extent it be and it is annulled, avoided, and reversed; and that plaintiff's suit against the said James E. Courtin be and it is dismissed at his cost.

It is further ordered, adjudged, and decreed that in all other respects the judgment be and it is affirmed, plaintiff to pay all costs incurred by James E. Courtin; defendant Paul E. Courtin to pay all other costs.

Reversed in part; affirmed in part.