BEER, Judge,
dissenting in part.
As to the notes due on September 20, 1973 and September 20, 1974, I agree with the majority’s conclusion that the holder of the notes failed to comply with the essential prerequisites necessary to set up the endorser’s liability. However, I believe that the notes due on September 20, 1975, 1976 and 1977 fall into a different category insofar as the endorser’s liability is concerned.
Suit was filed by Haik on April 23, 1975, and valid service was made on non-resident defendants Stephen Rowley (April 28, 1975) and Harold Rowley (April 26, 1975) in accordance with LSA-R.S. 13:3201, et seq. Such service may be perfected by sending a certified copy of the citation and petition to the defendant by registered or certified mail. LSA-R.S. 13:3204, Bickford v. Lutz, 339 So.2d 1268 (La.App. 1st Cir. 1976). An exception of jurisdiction ratione personae was filed by defendants on June 27, 1975, which was overruled by the trial court on June 11, 1976.
In Chapman v. Capri Construction Co., 248 So.2d 101 (La.App. 4th Cir. 1971), we discussed the question of notice of acceleration insofar as a maker is concerned, observing:
“Thus, the holder is vested with the right to accelerate the payment of the unpaid balance in the event any single installment becomes delinquent. This provision is not self-operative and becomes execu-tory only upon notice by the holder of his election to immediately mature the remaining unpaid installments, coupled with a demand for payment. The burden rests with the holder to establish by affirmative evidence that the notice of acceleration and demand for payment were made upon the makers and in the absence of such proof the institution of the suit to enforce the collection of the note will serve to satisfy this requirement.”
Since there is no sacramental form for the giving of notice of dishonor of a negotiable instrument to those secondarily responsible thereon (see Winn v. Perryman, 160 So. 804 (La.App. 2nd Cir. 1935), and since Stephen Rowley clearly had notice of dishonor from the date upon which he was served with this suit (April 28, 1975), while, on the other hand, denying any prior notice of default, I believe that his obligation as surety is enforceable with respect to those notes falling due on September 20, 1975, 1976 and 1977.
Accordingly, I respectfully dissent from that portion of the majority opinion which relieves the surety of his obligation with respect to those notes due in 1975, 1976 and 1977.